**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
|---|---|

This document relates to:
*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1076 (GBD)(SN)

## [PROPOSED] ORDER OF FINAL JUDGMENTS AS TO LIABILITYAGAINST THE TALIBAN AND FOR PARTIAL FINAL DAMAGES JUDGMENTS AGAINST THE TALIBAN FOR NON-U.S. NATIONALS

Upon consideration of the evidence and arguments submitted by non-U.S. National Plaintiffs in the above-captioned matter, together with the entire record in the case, for all Plaintiffs in Exhibit A and Exhibit B ("Moving Plaintiffs"), IT IS HEREBY

(1)     ORDERED that the Court's Order at ECF No. 3067 granting a judgment as to liability for the members of the O'Neill family is extended to Moving Plaintiffs; and it is further

(2)     ORDERED that Moving Plaintiffs motion for entry of default judgment as to liability against the Taliban is granted; and it is further

(3)     ORDERED that service of process in the above-captioned matter was properly effected upon the Taliban for Moving Plaintiffs; and it is further

(4)     ORDERED that this Court possesses personal jurisdiction over the Taliban for Moving Plaintiffs; and it is further

(5)     ORDERED that this Court has subject-matter jurisdiction over the Taliban under the common law for actions arising out of wrongful death, assault, battery, and intentional infliction of emotional distress based on the intentional acts of international terrorism perpetrated on September 11, 2001 that intentionally targeted innocent civilians

1

docs-100586400.1

resulting in death, personal injury, and significant grief sustained by family members of those killed in the attacks; and it is further

(6)     ORDERED that the Taliban is jointly and severally liable with the Islamic Republic of Iran ("Iran") and that damages judgments under applicable common law are awarded to Moving Plaintiffs identified in Exhibit A and Exhibit B against the Taliban in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases against Iran; and it is further

(7)     ORDERED that intentional infliction of emotional distress (solatium) damages are awarded to those Moving Plaintiffs identified in Exhibit A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in Exhibit A; and it is further

(8)     ORDERED that the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified by Moving Plaintiffs set forth in Exhibit B, are awarded compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th Attacks, as set forth in Exhibit B; and it is further

(9)     ORDERED that compensatory damages are awarded to those Moving Plaintiffs identified in Exhibit B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in Exhibit B; and it is further

(10)    ORDERED that the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and

2

family members of such 9/11 decedents, as identified in Exhibit B, are awarded economic

damages in the amounts as set forth in Exhibit B; and it is further

(11)    ORDERED that Moving Plaintiffs are awarded prejudgment interest at the

rate of 4.96 percent per annum, compounded annually for the period from September 11,

2001 until the date of the judgment for damages; and it is further

(12)    ORDERED that Moving Plaintiffs are permitted to seek punitive damages,

economic damages, and other appropriate damages, at a later date; and it is further

(13)    ORDERED that all other Plaintiffs not appearing in Exhibit A and Exhibit

B are permitted to submit applications for damages awards in later stages, to the extent

such awards have not previously been addressed; and it is further

(14)    ORDERED that this order is not binding on the determination of damages

for defendants besides the one against whom default judgment is being sought.  *See*, *e.g.*,

ECF No. 2582 at 3.

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion

at ECF No. 9130 and ECF No. 8589.

**SO ORDERED:**

_____

GEORGE B. DANIELS
United States District Judge

Dated:    New York, New York
          _____ \_\_, 202\_